JOSÉ RODRÍGUEZ MONTALVO, Plaintiff and Appellee, v. GERÓNIMO FONALLEDAS, Defendant and Appellant.

No. 10304. Argued January 2, 1951.—Decided January 23, 1951.

50

*Virgilio Brunet* for appellant. *Víctor M. Bosch* for appellee. *F. Fernández Cuyar* as *amicus curiae.*

Mr. Justice Marrero delivered the opinion of the Court.

José Rodríguez Montalvo filed in the District Court of San Juan a claim for wages against Gerónimo Fonalledas. He alleged in brief having worked for the defendant as chauffeur in the transportation of milk between different towns since prior to January 2, 1947 until after December 31, 1948, during the seven consecutive days of the week, beginning his chores at five o'clock in the morning and never being through before four o'clock in the evening, that is, working not less than two and one-half hours daily in excess of the legal eight-hour working period and receiving for his work a weekly salary of $19; and that the defendant did not comply with the prescriptions of Mandatory Decree No. 12 regulating the transportation service, upon failing to pay him the minimum wages per hour, the extra hours and the regular vacations fixed by said Decree. In consideration thereof he prays that the defendant be ordered to pay him the sum of $1,768, plus an equal amount as penalty, as well as costs and attorney's fees.

The defendant answered alleging that the plaintiff worked on certain dates which he specifies during 1947 as

a milkman for a wage of 25 cents per hour and the remaining period comprised between January 1947 and December 2, 1948, as chauffeur in charge of the distribution of milk, a total of eight hours per day during seven days a week at the rate of 30 cents per hour, except the eight hours of the seventh day for which he was paid at the rate of 60 cents per hour; that in addition to the wages above-mentioned the plaintiff received from the defendant two liters of milk a day at 10 cents a liter, for which the defendant deducted from the former's salary only the amount of 20 cents weekly; that the defendant is not engaged in the transportation business but rather exclusively in the dairy business which includes, among other activities, home delivery of the product to the customers for which reason Decree No. 12, in his judgment, is not applicable to his business which is regulated by another decree applicable to dairies, known as Decree No. 10 of the Minimum Wage Board; that the plaintiff has been paid in full for the work done by him; that the plaintiff is not entitled to vacations and that he does not owe him any amount whatsoever.

The issue being thus joined and after certain incidents unnecessary to mention here, the parties signed and filed a stipulation, which was approved by the Court, the pertinent paragraphs of which read thus:

"1. That the only question to be decided by this Hon. Court is whether Decree No. 12 of the Minimum Wage Board regulating the transportation business should be applied or not to the above-entitled case.

"2. That the plaintiff worked as chauffeur, driving a motor vehicle transporting milk from Las Tres Monjitas dairy owned by the defendant and located in the Hato Rey ward of the Municipality of Río Piedras, P. R., to the Santurce ward of the Municipality of San Juan in order to deliver said milk at the place of residence of the customers of the aforesaid dairy."

Subsequently, the lower court entered judgment wherein, after setting forth that it took judicial notice of the fact

that Mandatory Decree No. 10 fixing minimum wages, maximum working hours, and labor conditions for the milk industry had been set aside by this Court,[1] it stated that the problem posed by the case was whether another Mandatory Decree could be applied to a certain phase of the milk industry, in the absence of a specific decree regulating said industry as a whole. It finally reached the conclusion that Mandatory Decree No. 12 was applicable to that particular case and ordered the defendant to pay to the plaintiff the sum of $1,768 claimed in the complaint, plus an equal amount as penalty, without costs or attorney's fees. The defendant appealed from said judgment and contends now that the lower court erred in deciding that Mandatory Decree No. 12 is applicable to the dairy business and in rendering judgment ordering him to pay to the plaintiff the aforesaid sums.

Mandatory Decree No. 12 (amended) fixing minimum wages, maximum working periods, and labor conditions for the employees of the transportation service in Puerto Rico, which became effective February 1, 1948, insofar as pertinent, provides in its paragraph A that "the *Transportation Service* shall embrace, but without limitation, every act, process, operation, work or service which may be necessary, incidental or related to the transportation or conveyance of persons or things from one place to another, by or upon any class of motor vehicle, including railway vehicles." And that "*it does not include:* (1) the transportation . . . (3) *carried on by any employer in a vehicle of his own and by force account in relation with an industry, business or occupation covered by other mandatory decrees of this Board.*" (Italics ours.)

The question to be determined is, then, whether Mandatory Decree No. 12 is applicable to the case at bar, in

---

[1] See *Escudero* v. *Minimum Wage Board*, 66 P.R.R. 561, 567.

which, as we have seen, it appears that the defendant utilized the plaintiff as chauffeur to drive a motor vehicle of his own in which milk was transported from the defendant's dairy located in a ward of Río Piedras for home delivery to the customers of said defendant living in Santurce. Mandatory Decree No. 12 seems offhand to contemplate a situation like the one involved here, since it is applicable to every work or service necessary or incidental to the transfer or transportation of things from one place to another in any kind of motor vehicles, and inasmuch as at the time of its approval there was no other Mandatory Decree applicable to dairies. Nevertheless, after thoroughly analyzing the question, we must conclude that Mandatory Decree No. 12 is not applicable to a situation like the one involved here. As we have seen, subdivision 3 of paragraph A thereof provides that the transportation service shall not comprise transportation "performed by any employer in vehicles owned by him and under his administration in furtherance or in connection with his industry, business, or occupation if any other Mandatory Decree of this Board were applicable thereto."

No doubt, when Mandatory Decree No. 12 became effective (February 1, 1948) there was no other Mandatory Decree applicable to the dairy business, since Mandatory Decree No. 10, of May 5, 1945, had been set aside by judgment of this Court dated July 26, 1946. *Escudero* v. *Minimum Wage Board, supra,* footnote (1). It is only logical to infer, however, that the Minimum Wage Board, in approving Mandatory Decree No. 12 in the manner it did was fully aware that although Mandatory Decree No. 10 had been set aside, our judgment ordered that the case be remanded to the Minimum Wage Board for further proceedings not inconsistent with our opinion. We take judicial notice that as a matter of fact such further steps have already been taken and have culminated in the approval of Mandatory Decree No. 18, fixing minimum wages, maxi-

mum working periods, and all other labor conditions for workers in the milk industry in Puerto Rico, which went into effect January 1, 1951.[2]

By virtue of the aforesaid, we reach the conclusion that although when Mandatory Decree No. 12 became effective there was no other decree covering the milk industry, in which the defendant is engaged—which apparently rendered Mandatory Decree No. 12 applicable to him—however, as the Board which approved said Decree No. 12 necessarily took into consideration the fact that the milk industry had already been regulated by another decree which, although set aside, was subject to further proceedings, it was not its intention in approving it that the same were applicable to the milk industry insofar as in the latter the product had to be delivered to the customers at home. Therefore, we conclude that Mandatory Decree No. 12 is not applicable to the case at bar.

Now, although in the above-mentioned stipulation it is stated that the only question to be decided was whether the often-mentioned Decree was applicable or not to the present case, the defendant, in discussing the second error assigned states that "even assuming that Decree No. 12 were applicable, the defendant was entitled to introduce evidence which would affect the amount of the claim"; that "the same thing would have happened had the lower court declared that Decree No. 12 was not applicable"; and that "in any event it would have been necessary to give an opportunity to the plaintiff and to the defendant to offer evidence in connection with the facts in controversy as to extra hours, the seventh day, and vacations." The plaintiff does not object thereto, since he has not filed a brief objecting to the contentions of the defendant. Consequently, we think

---

[2] In the second paragraph of that Decree it is specifically stated that the *"milk industry* comprises, . . . the transportation carried out in vehicles belonging, administered or operated by any employer of said industry," that is, a situation exactly similar to the one here involved.

that it is only logical and fair to remand the case to the trial court in order that said court determine whether the plaintiff has worked any hours in excess of the daily working period, as well as whether he has enjoyed the seventh day of rest, and finally, whether the plaintiff is entitled to recover from the defendant any sums of money on that account.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings consistent with this opinion.

Mr. Justice Snyder did not participate herein.